of his principal be considered as making himself directly liable for the marshal's fees, upon this ground we hold, that the rule for an attachment ought to be made absolute. Rule absolute.

## CaseNo. 446.
### ANONYMOUS.
[1 Haz. U. S. Reg. (1839,) 87.]

WITNESS—COMPETENCY—ATHEIST.

WILKINS, District Judge, in the United States court, has decided that the testimony of an atheist is not admissible.

[Note. Nowhere reported; opinion not now accessible.]

## Case No. 447.
### ANONYMOUS.
[Hempst. 413; 1 West. Law J. 246.]

Circuit Court, D. Missouri. Sept., 1843.

CRIMES IN INDIAN COUNTRY—PLACES WITHIN EXCLUSIVE JURISDICTION OF UNITED STATES.

[1. The act of 1790, § 8, "for the punishment of certain crimes," provides among other things that murder or robbery committed on the high seas or on any river, etc., out of the jurisdiction of any particular state shall be punished with death. Other sections of the act provide for the punishment of crimes not including robbery committed within any place under the sole and exclusive jurisdiction of the United States. The act of 1834, § 35, "to regulate trade and intercourse with the Indian tribes," extends to the Indian country so much of the laws of the United States as relates to the punishment of crimes committed within any place within the sole and exclusive jurisdiction of the United States. *Held*, that since the rivers and other places mentioned in Act 1790, § 8, are not within the exclusive jurisdiction of the United States, robbery committed in the Indian country is not punishable with death under that section, but as larceny under other sections of the act.]

[2. Under treaties with the Indian tribes securing to them local self-government the Indian country is not within the exclusive jurisdiction of the United States.]

[The following charge to the grand jury was delivered in response to a request for instructions as follows: "Is robbery, when committed in the Indian country, indictable as such, and punishable with death?"]

WELLS, District Judge. Is robbery committed in the Indian country attached to the district of Missouri a crime indictable as such, and punishable with death? The 25th section of the act of 1834, "to regulate trade and intercourse with the Indian tribes, and to preserve peace on the frontiers," provides, "that so much of the laws of the United States as provides for the punishment of crimes committed within any place within the sole and exclusive jurisdiction of the United States, shall be in force in the Indian country." If robbery committed in "a place within the sole and exclusive jurisdiction of the United States," be punishable with death, then, if committed in the Indian country, it is also punished with death, and not otherwise.

The 16th clause of the 8th section of the 1st article of the constitution provides that congress shall have power "to exercise exclusive legislation in all cases whatsoever over such district, not exceeding ten miles square, as may by cession of the particular states and the acceptance by congress become the seat of government of the United States, and to exercise the like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings." Here is a grant of "exclusive legislation" which is jurisdiction, and here we are to look for the grant of sole and exclusive jurisdiction as to places, to the United States. U. S. v. Bevans, 3 Wheat. [16 U. S.] 386. The 3d section of the act of 1790, "for the punishment of certain crimes against the United States," (1 Stat. 112) provides, "that if any person or persons shall, within any fort, arsenal, dockyard, magazine, or in any other place or district of country under the sole and exclusive jurisdiction of the United States. commit the crime of wilful murder, such person or persons, on being thereof convicted shall suffer death." Other sections provide for other offences committed in the same places, but nowhere provide for the crime of robbery committed in these places, that is, in "forts, arsenals, dockyards, magazines, or in any other place or district of country within the sole and exclusive jurisdiction of the United States." Here is the exercise by congress of the grant of exclusive jurisdiction, "as to places," given by the clause of the constitution above cited; and the terms, "any other place or district of country," refer to territorial objects of a similar character to those enumerated. U. S. v. Bevans, supra.

The constitution (article 1, § 8) gives congress the power "to define and punish piracies and felonies committed on the high seas, and other offences against the law of nations." Here there is no grant of sole and exclusive jurisdiction as to place; for everybody knows that the high seas are common to all nations, and that every nation punishes crimes committed thereon. 1 Kent, [Comm.] 186, 187.

"The judicial power shall extend to all cases of admiralty and maritime jurisdiction." Const. art. 3, § 2. Here is no grant of sole and exclusive jurisdiction as to place, although there may be as to certain crimes. U. S. v. Bevans, supra, is in point, and Chief Justice Marshall, in delivering the opinion of the court in that case, says:—"Can the cession of admiralty and maritime jurisdiction be construed into a cession of the waters on which these cases may arise? This is a question on which the court is incapable of feeling a doubt. The article which describes the judicial power of the United States is not intended